IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-122 |
| | ) | |
| ERIC ALLARD | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Mark V. Gurzo, Assistant United States Attorney for said District, and hereby submits this Sentencing Memorandum in advance of the sentencing hearing scheduled for March 17, 2020. For the reasons set forth below, the government recommends a sentence within the advisory Sentencing Guidelines range of 63 to 78 months' imprisonment. This sentence would be sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

## I.  INTRODUCTION

On September 23, 2019, the Defendant, Eric Allard ("Defendant"), entered a plea of guilty to Count One of the Indictment at Criminal Number 19-122, admitting to possessing material depicting the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts presented in support of Defendant's guilty plea. ECF No. 39 at ¶¶ 10-16. On December 27, 2016 and June 12 and 17, 2017, agents with Homeland Security Investigations downloaded files depicting the sexual exploitation of minors from IP address associated with the Defendant and the Defendant's residence through the BitTorrent peer-to-peer

file sharing network.  Id. at ¶¶ 10-13.  Based upon this, on November 17, 2017, HSI agents

obtained a federal search and seizure warrant for the Defendant's residence.  Id. at ¶ 14.  They

executed the warrant on November 27, 2017.  Id.  The Defendant was home when the agents

executed the warrant.  Id.  He agreed to speak with the agents and admitted that he owns and

resides at the residence and that he utilizes computers inside of the residence.  Id.  He further

admitted to viewing child pornography for years and utilizing peer-to-peer networks to receive

child pornography.  Id.  A forensic review of the defendant's devices revealed approximately

12,088 images and 16 videos depicting child pornography.  These videos and images depicted

adult males having vaginal and oral intercourse with pre-pubescent, minor females who had not

attained 12 years of age.  Id. at ¶ 15.

## II.     UNITED STATES SENTENCING GUIDELINES

The Third Circuit in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), has required

district courts to follow a three step procedure when imposing a sentence.  First, the district court

must calculate the defendant's Sentencing Guidelines range without regard to departure motions.

Id. at 247.  In calculating the guideline range, this Court must make findings pertinent to the

guideline calculation by applying the preponderance of the evidence standard, in the same fashion

as was employed prior to the Booker decision.  United States v. Grier, 475 F.3d 556 (3d Cir. 2007)

(en banc).  Second, the court must rule on the parties' motions for upward or downward departures.

Id.  Third, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a), and

exercise its discretion to craft a sentence that is appropriate under the circumstances of each

particular case.  Id.  At the third step, the Court must consider the advisory Guideline range along

with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining

the final sentence.  The record must demonstrate the trial court gave meaningful consideration to

the Section 3553(a) factors. "[A] wrote statement of the § 3553(a) factors should not suffice if at

sentencing either the defendant or the prosecution properly raises a ground of recognized legal

merit (provided it has a factual basis) and the court fails to address it." Cooper, 437 F.3d 324, 329

(3d Cir. 2006) see also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (The sentencing judge

should set forth enough to satisfy the appellate court that he has considered the parties arguments

and has a reasoned basis for exercising his own legal decision making authority.); United States v.

Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

The law is clear that child pornography crimes warrant stringent sentences.  The Third

Circuit has expressed disapproval of extremely lenient, below Guidelines sentences in these cases.

In United States v. Goff, 501 F.3d 250 (3d Cir. 2007), the district court sentenced a child

pornography defendant to four months imprisonment and a term of supervised release, even though

the applicable guideline range was 37 to 46 months.  The Third Circuit vacated the sentence and

remanded for sentencing, holding that such a lenient sentence was unreasonable. Id. at 262.  The

court reasoned that the district court gave short shrift to the Sentencing Guidelines and did not

properly consider a variety of Section 3553(a) factors.  Specifically, the district court did not

adequately consider the nature and circumstances of the offense, the need to promote respect for

the law, the avoidance of unwanted sentencing disparities, and affording adequate deterrence. Id.

at 258.  Goff downplayed the seriousness of the offense by implying that it was a victimless crime,

which was a solitary, private activity that was driven by his curiosity of the subject.  The Third

Circuit sternly rejected these claims as follows:

> Children are exploited, molested, and raped for the prurient pleasure
> of Goff and others who support suppliers of child pornography.
> These small victims may rank as no one else in Goff's mind, but
> they do indeed exist outside his mind.  Their injuries and the taking
> of their innocence are far too real.  There is nothing casual or
> theoretical about the scars they will bear from being abused for

> Goff's advantage.  Far from persuading us that Goff's crime was
> relatively minor, his efforts to downplay the harm his actions have
> inflicted on others serve chiefly to highlight the concern the District
> Court should have had with Goff's failure to appreciate the
> seriousness of the offense.

Id. at 258-59.  Goff argued that he was entitled to a downward departure/variance because he never

acted out in any sexual way with children.  Id. at 259.  The Third Circuit forcefully dispatched this

assertion by reasoning:

> He was not charged with molestation, so pointing out that he hadn't
> committed it is, in one sense irrelevant.  In another more important
> sense, however, it does say something meaningful, albeit not what
> the defense intended.  While the defense effort to draw a spectator-
> vs-participant distinction does not show that Goff's pornography
> crime was of less than ordinary severity, it does reemphasize that
> Goff failed to fully appreciate that severity. The simple fact that the
> images have been disseminated perpetuates the abuse initiated by
> the producer of the materials.

Id.  The Court was also unpersuaded that Goff's allegedly exemplary life and charitable actions

justified such a sentence.  The district court's reliance upon Goff's lack of criminal history was

also criticized because many child pornography defendants are first time offenders.  Id. at 260-61.

Lastly, the court noted that the district court failed entirely to consider the need for deterrence,

which, in a child pornography case, serves to protect the children victimized by the material.  Id.

The logic of deterrence suggests that the lighter the punishment for downloading and uploading

child pornography, the greater the customer demand for it, and so the more it will be produced.

Id. at 261 (citation omitted).

The PSR correctly determined that the base offense level for Count One is eighteen,

pursuant to U.S.S.G. § 2G2.2(a)(1).  ECF No. 39 at ¶ 21.  The base offense level is increased by

two levels, pursuant to Section 2G2.2(b)(2), because the material involved prepubescent minors

who had not attained the age of 12.  Id. at ¶ 22.  The base offense level is further increased by two

4

levels, pursuant to Section 2G2.2(b)(3)(F), because the defendant knowingly engaged in distribution, id. at ¶ 23, and an additional two levels, pursuant to Section 2G2.2(b)(6), because the defendant used a computer, id at ¶ 24.  Finally, the base offense level is increased by five additional levels, pursuant to Section 2G2.2(b)(7)(D), because the offense involved 600 or more images.  Id. at ¶ 25.  After a three-level adjustment for acceptable of responsibility, the total adjusted offense level is 26.  Id. at ¶ 32.  Defendant is a criminal history category I, which corresponds to an advisory Sentencing Guidelines range of 63 to78 months' imprisonment.  Id. at ¶ ¶ 34-39, 64.  The government submits that this advisory Guidelines range reflects an appropriate and just sentence for the Defendant and recommends that the Court sentence him to a term of imprisonment within this range.

**III.    TITLE 18, UNITED STATES CODE, SECTION 3553**

The factors set forth in Title 18, United States Code, Section 3553 support the government's recommended sentence in this case.

A.    18 U.S.C. § 3553(a)(2)(A) and (a)(2)(B) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct

The Defendant possessed a large collection of images and videos of child pornography depicting prepubescent children engaged in sexually explicit conduct with adult males.  It is apparent from a forensic review of the defendant's computers that he has a sexual interest in children.  Congress understood that the children used in the production of child pornography were the primary victims when it passed legislation prohibiting the sexual abuse and exploitation of children through pornographic means.  See United States v. Boos, 127 F.3d 1207, 1210 (9th Cir. 1997).  As stated above, the Third Circuit has expressly addressed the seriousness of child pornography crimes and the need for stringent sentencing.

The Defendant pled guilty to the serious child pornography crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 8 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), in a manner that has triggered several fact-based enhancements. As part of his plea, the Defendant agreed to, among other things, enhancements for prepubescent minors, distribution, and more than 600 images. Additionally, the Defendant contributed to the global child pornography market by searching for and collecting the images and videos depicting the victimization and exploitation of children on his computer. By any measure, this is an extremely serious offense.

Moreover, sentences must provide adequate deterrence to others. "The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." United States v. Goldberg, 491 F.3d 668, 672 (7th Cir. 2007), quoted in Goff, supra, 501 F.3d at 261. There is a critical need for the sentence to deter not only the Defendant, but also any others who may be inclined to commit child pornography crimes. Child pornography offenses are most often committed in private settings that are remote from their victims. Such crimes are high-volume offenses that are drastically under reported. In fact, unlike most crime victims, the victims of child pornography offenses, while generally cognizant of the trafficking and collection of their sexual abuse images, are not able to report the time or the location of these crimes to the police. As a result, there is a premium on general deterrence because law enforcement officers, no matter how efficient and dedicated, will never be able to detect, let alone investigate and prosecute, more than a small fraction of the child pornography crimes that are committed. The defendant's sentence should, therefore, contain a period of imprisonment that not only disinclines him from engaging in further criminal behavior, but also is long enough to disincline others from attempting to commit crimes,

particularly crimes against children.

The Third Circuit has upheld a sentence of 100 months as procedurally and substantively reasonable for distribution and possession of material depicting the sexual exploitation of a minor. United States v. Yard, 558 Fed. Appx. 231 (3d Cir. March 3, 2014). In arriving at its sentence, the district court emphasized that the "primary sentencing factor in my view in this case is deterrence," and the "need to make clear that individuals who commit these crimes will go to jail for a significant period of time". Id. at *237. Simply stated, the Defendant's child pornography collection suggests that he has a sexual interest in young children. His decision to act in a criminal manner upon that sexual interest by collecting graphic sexual images of children over the internet is a cause for serious concern. Accordingly, a sentence within the advisory Guidelines range is sufficient, but not greater than necessary, to punish the defendant, and deter him and others from committing such crimes.

> B.      18 U.S.C. § 3553(a)(5) & (a)(7) –the need to provide restitution to any victims of the offense

There are no pertinent policy statements. The parties have agreed that a total of $2,000 in restitution in this case.

> C.      18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

A sentence within the advisory Guidelines range reflects an appropriate sentence for Defendant in this case, given his offense conduct and lack of criminal history. This sentence, therefore, will satisfy the need to avoid unwarranted sentence disparities among similarly situated defendants.

## IV.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests that

the Court impose a sentence within the advisory Sentencing Guidelines range.  Such a sentence

would be sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth

in 18 U.S.C. § 3553(a).

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


s/Mark V. Gurzo
MARK V. GURZO
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street
Pittsburgh, PA 15219
Mark.Gurzo@usdoj.gov
MD ID No. 20794